**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 15, 2019
Date Decided: September 20, 2019

William J. Rhodunda, Jr., Esq.
Chandra J. Williams, Esq.
Rhodunda, Williams & Kondraschow
Brandywine Plaza West
1521 Concord Pike, Suite 205
Wilmington, DE 19803

Richard A. Forsten, Esq.
Pamela J. Scott, Esq.
Elizabeth S. Fenton, Esq.
Saul Ewing LLP
1202 Market Street, Suite 2300
Wilmington, DE 19801

Max B. Walton, Esq.
Connolly Gallagher LLP
267 East Main Street
Newark, DE 19711

Re:   *Ocean Bay Mart, Inc. v. The City of Rehoboth Beach, Delaware*,
C.A. No. 2019-0467-SG

Dear Counsel:

This litigation involves the proposed redevelopment of the old Ocean Bay Mart Shopping Center in Rehoboth Beach. The matter is currently before me on a Motion to Intervene pursuant to Chancery Court Rule 24. Movants Carol P. Tello and James W. Tello (the "Tellos") seek to intervene in an action filed by Ocean Bay Mart, Inc. ("Ocean Bay Mart") against the City of Rehoboth Beach, Delaware (the "City") seeking a permanent injunction and a declaration of "vested rights" in connection with its proposed land development project. Ocean Bay Mart filed a

complaint in this action on June 18, 2019. The City filed its answer on July 19, 2019 and its first amended answer on July 30, 2019.

Ocean Bay Mart is the owner of a residential shopping center and seeks to redevelop the property as a residential condominium community and has submitted a site plan to such effect to the City. Under the Municipal Code of the City of Rehoboth Beach (the "City Code"), the City's Building Inspector must perform an initial review of the site plan and if the Building Inspector determines that the site plan complies with the City Code, the site plan is then forwarded to the Planning Commission.[1] The Planning Commission is then tasked with its own review of the site plan and the site plan is placed on the Planning Commission's agenda for a public hearing.[2]

The City's position is that the site plan does not conform to the City Code and is prohibited by Ordinances 1116-01, 1016-2 and 0519-01 (the "Ordinances"), each enacted *after* the initial submission of the site plan. The City argued in a related but independent action in the Superior Court[3] that Ordinance 1116-01 requires a major subdivision plan application for the property at issue here.[4] The Superior Court ruled it could not determine whether Ordinance 1116-01 applies to the site plan on

---

[1] City of Rehoboth Beach, Delaware Municipal Code §236-32(A).
[2] City of Rehoboth Beach, Delaware Municipal Code §236-32.
[3] *Ocean Bay Mart, Inc. v. The City of Rehoboth Beach*, 2019 WL 1126351 (Del. Super. Ct. March 12, 2019).
[4] First Am. Ans. ¶ 18.

2

procedural grounds.[5] Ocean Bay Mart seeks to enjoin the Planning Commission to conduct a review of the site plan in accordance with the City Code as it existed on June 18, 2015, before the enactment of the Ordinances.

The Tellos maintain a home on a property that is directly adjacent to the property at issue in this action but that is not within the limits of the City of Rehoboth Beach. Their motion identifies several feared harms should this Court grant Ocean Bay Mart the relief it seeks. The Tellos seek to intervene in this action either as a matter of right under Chancery Court Rule 24(a)(2), or, in the alternative, permissively under Chancery Court Rule 24(b)(2).

Chancery Court Rule 24(a)(2) permits intervention in an action as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[6] The Tellos contend that they have an "interest related to" Ocean Bay Mart's property by virtue of the fact that it is adjacent to the property where they maintain a home. As proof of their interest, the Tellos cite requirements that,

---

[5] The Court noted that "[t]he meaning and application of Ordinance 1116-01 to [the site plan] have not been addressed by any City official as part of the land use process. It should be addressed there first and not raised here for the first time on certiorari review. For me to address it now would require me to give an advisory opinion, which would not be appropriate." *Ocean Bay Mart, Inc.*, 2019 WL 1126351, at *3 (footnote omitted).
[6] Del. Ch. Ct. R. 24.

under (i) the Sussex County Board of Adjustment Rule 4.3, a copy of the public notice of the public hearing must be mailed to each person whose property lies within a 200-foot radius of the property subject to the appeal or application[7] (which would include the Tellos) and (ii) under the City Code §236-6A, an "aggrieved party," may appeal a Planning Commission decision.[8]

I appreciate that the outcome of this case and any subsequent developments may impact the Tellos as abutting landowners. However, the Tellos' motion to intervene under Rule 24(a)(2) must be denied because the instant action only seeks a ruling whether the City may enforce the Ordinances with respect to the site plan for the Ocean Bay Mart property, a plan pending before the Ordinances' enactment. The Court is not asked to review the site plan. Should the site plan be subject to a public hearing before the Planning Commission, the Tellos will have the opportunity to participate in the proceedings.

Having conceded that they are not property owners in Rehoboth Beach, the Tellos do not have a legally cognizable interest in the application of the Ordinances to the Ocean Bay Mart property. By way of example, a property owner holding a similar parcel of land in the City of Rehoboth Beach for which a site plan is pending may be able to show a cognizable interest to mandate intervention under Rule 24(a),

---

[7] Mot. to Intervene ¶ 5.
[8] *Id.* at ¶ 6.

4

as any decision in this case could change the permissible use of such person's property. That is not the circumstance here. The Tellos do not own property that is subject to the Ordinances.

Even if the Tellos could claim a cognizable interest under Rule 24(a)(2), they have not shown that the City cannot adequately represent such interest. The Tellos' interest appears to be congruent with that of the City: application of the Ordinances to the pending site plan. The case of *York Beach Mall, Inc. v Bd. of Adjustment of the Town of South Bethany*[9] is instructive. There, Concerned Citizens of South Bethany, Inc. ("CCSB") sought to intervene in an appeal to the Delaware Superior Court of two decisions of the Board of Adjustment of the Town of South Bethany (the "Board") regarding two notices of violation issued to York Beach Mall, Inc. ("York Beach"). CCSB was a non-stock corporation that did not own property in South Bethany, but consisted of ninety-seven members, each of whom did own property in South Bethany.[10] The Court rejected CCSB's motion to intervene under Rule 24(a) because "CCSB nowhere attacks the Board's composition, intentions, or ability to protect the property interests of South Bethany residents."[11] The Court

---

[9] 1999 WL 167788 (Del. Super. Ct. Feb. 22, 1999).
[10] *Id*. at *1.
[11] *Id*. at *4.

5

also noted that CCSB and the Board had a common member, a "strong indication of their mutual purpose."[12]

The Tellos argue that *York Beach Mall* is distinguishable from the facts underlying their motion because CCSB consisted of property owners of the municipality whose decision was being challenged whereas the Tellos' property is not within Rehoboth Beach, and, therefore, the City cannot adequately represent their interests. Yet, like in *York Beach Mall* the Tellos have failed to point to any aspect of the City's "composition, intentions or ability" that would leave an interest of the Tellos unprotected. The Tellos hypothesize that the City could compromise with Ocean Bay Mart or resolve this matter without a final decision from this Court.[13] Yet, as noted above, no matter the outcome of this action, in order to gain final approval the site plan must still be subject to a public hearing. This case concerns only the applicability of the Ordinances. As evidenced by the filing of the City's Amended Answer to Ocean Bay Mart's Complaint on July 30, 2019, the City intends to defend the Ordinances. Even if the Tellos had a cognizable interest in the enforcement of the Ordinances, they have failed to show the City cannot adequately protect that interest.

---

[12] *Id.*

[13] Mot. to Intervene ¶ 10.

The Tellos alternatively seek to intervene under Chancery Court Rule 24(b)(2), which allows for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."[14] The Tellos argue that this Court should grant permissive intervention because "the current Petition . . . includes the very same factual issues and legal issues for the Tellos and for the City of Rehoboth and Ocean Bay Mart."[15] However, the Tellos do not have a "claim" or "defense" to assert. The Tellos simply desire the same outcome in the litigation as the City. That does not create a basis for permissive jurisdiction under Rule 24(b)(2).

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[14] Del. Ch. Ct. R. 24.
[15] Mot. to Intervene ¶ 11.